UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     3:16-CR-267 |
| |     (JUDGE MANNION) |
| JAHKEL LAMAR, | : |
| Defendant | : |

## MEMORANDUM

Pending before the court is the defendant's motion for resentencing, which the court construes as a motion filed pursuant to 28 U.S.C. §2255. (Doc. 73). Upon review, the defendant's motion will be **DENIED**.

### I. BACKGROUND

On September 13, 2016, a grand jury returned a one count indictment charging the defendant with possession with intent to distribute in excess of 28 grams of cocaine base (crack), in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B). (Doc. 1). On April 24, 2017, the defendant entered a plea of guilty to the charge pursuant to a plea agreement. (Doc. 32, Doc. 36). The court ordered the preparation of a presentence report ("PSR"), the final version of which was prepared by the Probation Office and filed on August 2, 2017. (Docs. 42, 43).

The Probation Office determined that the defendant is a career offender under the United States Sentencing Guidelines, ("USSG"). The PSR indicated that the defendant's two previous Pennsylvania felony drug

convictions, along with his prior federal felony drug conviction, qualify as predicate offenses for career offender status. The PSR calculated the defendant's base offense level at 26 because the amount of cocaine base involved in his offense was 127.2 grams. The PSR then concluded that the defendant was a career offender and explained as follows:

> The defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is a controlled substance offense; and the defendant has at least two prior felony convictions for a controlled substance offense (paragraphs 23, 25, and 26); therefore, the defendant is a career offender. The offense level for a career offender is 34 because the statutory maximum term of imprisonment is 40 years. (USSG §4B1.1(b)(2)).

Specifically, the PSR found that the defendant's prior criminal convictions included the following three drug trafficking convictions:

> 1/5/06 Date of Arrest; Conviction for Possession of a Controlled Substance with Intent to Deliver and Criminal Conspiracy to Commit Possession of a Controlled Substance with Intent to Deliver (Luzerne County Court of Common Pleas); 4/5/07 sentenced to 4 to 12 months of imprisonment.
>
> 12/12/06 Date of Arrest; Possession with Intent to Distribute a Controlled Substance; (Luzerne County Court of Common Pleas); 4/7/08 sentenced to 18 to 36 months imprisonment.
>
> 11/2/07 Date of Arrest; Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 50 grams of Cocaine Base, Cocaine, Heroin and Marijuana; (United States District Court, Scranton, PA) (Docket # CR-07- 341); 8/19/09 sentenced to 63 months of imprisonment followed by 5 years of supervised release; 7/8/11 term of imprisonment reduced to 51 months.

The first two drug trafficking convictions were under Pennsylvania State law and the third under federal law.

2

The defendant's offense level was reduced by three levels for acceptance of responsibility under USSG §3E1.1(a) and §3E1.1(b). The PSR then found that the defendant's recommended guideline imprisonment range was 188 to 235 months imprisonment based upon a total offense level of 31 and a criminal history category of VI.

The defendant, who was then represented by counsel, failed to file any timely written objections to the PSR. However, at the sentencing hearing, the defendant's counsel orally raised objections challenging his career offender status. Out of an abundance of caution, the court delayed sentencing and directed the defendant to file written objections and a brief in support. (Docs. 52, 52-1). The government responded to the objections. (Doc. 51). After review of the defendant's objections, by memorandum opinion, the court overruled the objections finding that the defendant, in fact, qualified as a career offender. (Docs. 53, 54).

The defendant was sentenced February 14, 2018. Considering the factors set forth in 18 U.S.C. §3553(a), the court sentenced the defendant to a term of imprisonment of 144 months, 44 months below the low end of the advisory guideline range, to be followed by a four-year term of supervised release.

Although the defendant waived his direct appeal rights in his plea agreement, he filed an appeal of his sentence to the United States Court of Appeals for the Third Circuit, in which he challenged his designation as a career offender. On September 11, 2019, the Third Circuit affirmed the

sentence of this court finding that the career offender enhancement was properly applied. *See United States v. Lamar*, 776 Fed.Appx. 766 (2019).

Since the Third Circuit's decision, other than a motion for appointment of counsel, the defendant filed nothing in this action until the instant motion for resentencing in which he, once again, challenges his designation as a career offender. (Doc. 71). The government has filed a response to the motion (Doc. 73) and a reply has been filed by the defendant (Doc. 74).

## II. DISCUSSION

In his motion for resentencing, the defendant now challenges the application of the career offender enhancement in light of the Third Circuit's decision in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021).[1] For a number of reasons, the defendant's challenge is not appropriately raised in this §2255 motion.

First, under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), there is a one-year statute of limitation on §2255 motions. This one-year period runs from "the date on which the judgment of conviction

---

[1] The defendant initially challenged the application of the career offender enhancement under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). However, as the government points out in its response, *Havis* is inapplicable in this case as it found that the career offender sentencing guidelines' definition of "controlled substance offense" does not include "attempt" crimes and the defendant did not plead guilty to an attempt crime. In his reply brief, the defendant indicates his challenge is more appropriate under *Nasir*. (Doc. 74, p. 2).

4

becomes final." 28 U.S.C. § 2255(f)(1).[1] If a petitioner does not appeal their conviction, the conviction becomes final when the period for filing a notice of appeal expires, fourteen (14) days after entry of judgment. *See* Fed.R.App. 4(b)(1)(A); *see also Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999). If a petitioner does appeal, however, and the conviction is affirmed on direct appeal, and the petitioner does not file a petition for a *writ of certiorari*, the conviction becomes final ninety (90) days after entry of the Circuit's judgment. *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a *writ of certiorari*, or when the time for filing a *certiorari* petition expires.").

Here, the defendant appealed his conviction. The Third Circuit affirmed his conviction on September 11, 2019. Pursuant to Supreme Court Rule 13, the defendant had 90 days from that date to file a petition for a *writ of certiorari*, which he did not. His conviction then became final on December 10, 2019. The defendant had one-year from December 10, 2019, or until December 10, 2020, to file his §2255 motion. His motion is well outside of the time period.

Even if the defendant's motion were timely, as indicated, the defendant filed a direct appeal and challenged the application of the career

---

[1] Under the statute, there are three other dates from which the one-year period may run. However, those circumstances are inapplicable here.

offender designation before the Third Circuit. The Third Circuit rejected the defendant's argument and determined that the career offender enhancement was properly applied.

"[A]s a general rule, federal prisoners may not use a motion under 28 U.S.C. §2255 to relitigate a claim that was previously rejected on direct appeal." *Foster v. Chatman*, 578 U.S. 488, 518-19 (2016) (Alito, J., concurring). The Third Circuit has accordingly held that "issues resolved in a prior direct appeal will not be reviewed again by way of a §2255 motion." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). Because the defendant raised issues regarding the application of the career offender enhancement on direct appeal, and his claim was rejected, he may not now again pursue that claim by way of this §2255 motion.

Finally, even if the defendant's claim were not barred by the exclusion against relitigating claims that were raised on direct appeal, his claim is simply not cognizable in a §2255 motion. The Third Circuit has held "that an incorrect career-offender enhancement under the advisory guidelines is not cognizable under §2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice." *United States v. Folk*, 954 F.3d 597, 604 (3d Cir.), *cert. denied*, 141 S. Ct. 837 (2020). The only exceptions that would render a sentence unlawful and, thus, a complete miscarriage of justice, occur where a court fails to "consider[ ] the [18 U.S.C.] §3553(a) factors [or] imposes a sentence [outside] the statutory limits for an offense." *Id.* at 605.

Here, in imposing the defendant's sentence, the court considered the relevant §3553(a) sentencing factors, and the defendant's sentence imposed was within the statutory limits. The defendant's claim that the court incorrectly applied the career offender enhancement in his case is therefore not cognizable by way of the instant §2255 motion.

For all of the above reasons, the court will deny the defendant's §2255 motion. Because the court will deny the defendant's §2255 motion, this decision is not appealable unless this court or a circuit justice issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." *Id.* §2253(c)(2). To satisfy this standard, the defendant must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claim is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). The court finds that the defendant has not met this burden, and therefore declines to issue a certificate of appealability.

As a final matter, the defendant requests that he be appointed counsel. For the reasons previously set forth by the court (Doc. 70), the defendant's request will be denied.

### III. CONCLUSION

Accordingly, the defendant's motion for resentencing **(Doc. 71)** will be **DENIED**. An appropriate order shall issue.

*[signature]*

MALACHY E. MANNION
United States District Judge

**Date: May 7, 2024**
16-267-02.wpd